IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 2:25-mc-00215-DDC-TJJ<br>) |
| OVERLAND CHARTERS, INC., | )<br>) |
| Respondent. | )<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Application for an Order to Show Cause Why Administrative Subpoena Should Not Be Enforced and Memorandum in Support ("Application"), filed by Petitioner Equal Employment Opportunity Commission ("Petitioner"). Petitioner requests the Court issue an order directing Overland Charters, Inc. ("Respondent") to show cause why an order should not be issued directing Respondent to comply with Subpoena No. SL25-02. For the reasons stated below, the Court denies the Application without prejudice.

**I.    Background**

Petitioner, investigating Charge Number 563-2024-02350, issued Subpoena No. SL25-02 pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9, which, in turn, is incorporated in Section 107(a) of the ADA, 42 U.S.C. § 12117(a)). Petitioner began its investigation into the charge on August 1, 2024, and requested Respondent provide information relevant to the investigation by August 30, 2024. Petitioner claims "[d]espite multiple attempts to contact Respondent, including by email, U.S. Mail, and phone, Respondent did not provide any response to the Request for Information."[1]  Because Respondent did not

---

[1] Memorandum in Support of Application for Order to Show Cause Why Administrative Subpoena

respond to the request for information, Petitioner issued a subpoena to Respondent on June 10, 2025. The subpoena requested Respondent produce documents by June 23, 2025. Petitioner attempted to serve the subpoena upon Respondent by U.S. Certified Mail on June 10, 2025. On June 20, 2025, the U.S. Postal Service returned the subpoena to Petitioner indicating that Respondent refused service of the subpoena. Counsel for Petitioner attempted to call Respondent regarding the subpoena but was ultimately unable to get in contact with Respondent. Petitioner made no other attempts to serve the subpoena on Respondent prior to filing the Application on September 30, 2025.

## II.     Legal Standards

Congress has empowered the EEOC to investigate charges alleging violations of the Americans with Disabilities Act ("ADA"), incorporating by reference the enforcement scheme set forth in Title VII of the Civil Rights Act of 1964.[2] In connection with its investigation into alleged violations of the ADA, the EEOC is entitled to access "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices . . . and is relevant to the charge under investigation."[3] To obtain such evidence, the EEOC may exercise all of the powers conferred upon the National Labor Relations Board ("Board") by 29 U.S.C. § 161, including the authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas.[4] The power of the federal court to deny enforcement of an administrative subpoena is limited, and the court will generally enforce a subpoena where "(1) the underlying investigation is within the agency's authority; (2) the subpoena satisfies statutory requirements of

---

Should Not Be Enforced, ECF No. 2, p. 2; Declaration of District Director, ECF No. 1-1, ¶ 4.d.
[2] *EEOC v. Dillon Cos., Inc.*, 310 F.3d 1271, 1274 (10th Cir. 2002).
[3] 42 U.S.C. § 2000e-8(a).
[4] *See EEOC v. Kan. City, Kan. Cmty. Coll.*, No. 23-202-DDC-ADM, 2024 WL 3665290, at *2 (D. Kan. Aug. 6, 2024); 29 U.S.C. § 161.

due process; and (3) the information requested is reasonably relevant."[5]

Federal Rule of Civil Procedure 45 generally governs service of subpoenas. However, this rule "does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority."[6] Instead, the enforcement of administrative subpoenas is governed by the appropriate statute.[7] 29 U.S.C. § 161(4) governs service of "[c]omplaints, orders, and other process and papers" related to the Board's investigatory powers. The statue states that documents:

> may be served either personally or by registered or certified mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served. The verified return by the individual so serving the same setting forth the manner of such service shall be proof of the same, and the return post office receipt or telegraph receipt therefor when registered or certified and mailed or when telegraphed as aforesaid shall be proof of service of the same.[8]

Because Petitioner attempted to serve the subpoena by certified mail, Petitioner must file a return post office receipt to show proof of service. While Petitioner has provided a certified mail receipt showing the subpoena was mailed, the return mail receipt indicates the mailing was "rejected" and returned to Petitioner, suggesting the subpoena was never actually received by Respondent.[9] After Respondent rejected the mailing, Petitioner only unsuccessfully attempted to call Respondent, but made no further attempts to effectuate service of the subpoena.

### III.  Analysis

Although Federal Rule of Civil Procedure 45 is inapplicable to administrative subpoenas, the Court does find its guidance regarding the notice responding parties are entitled to instructive

---

[5] *EEOC v. Grinnell Fire Prot. Sys. Co.,* 764 F. Supp. 623, 624 (D. Kan. 1991).
[6] Fed. R. Civ. P. 45, Advisory Committee Notes.
[7] *Id.*
[8] 29 U.S.C. § 161(4).
[9] Mot. to Enforce Administrative Subpoena, Exs. 6 & 7, ECF Nos. 1-6, 1-7.

here.[10]  This District has found that a party, pursuant to Rule 45, must show a subpoena has been "'delivered' to the person whose attendance or production of documents is sought."[11]  This "delivery" requirement ensures the responding party receives "fair and timely notice of [its] obligation to produce documents."[12]  Such requirement to ensure the responding party receives "fair and timely notice" similarly corresponds with Petitioner's burden to show "the subpoena satisfies statutory requirements of due process."[13]  The Court finds that such burden has not been met in this instance.

First, the only evidence of attempted service Petitioner provides is the "rejected" certified mail receipt.[14]  Attached to the "rejected" certified mail receipt is a copy of the subpoena that was sent to Respondent.  This suggests Respondent never opened the mailing, and likely did not know the contents of the mailing was a subpoena to which it was required to respond.  The Court finds it inappropriate to require Respondent to show cause why it failed to respond to a subpoena the contents of which it likely never read, let alone received.  Next, Petitioner states it attempted to get in contact with Respondent several times both prior to and after mailing the subpoena.  However, Petitioner provides no evidence of this contact.  Despite the Declaration of the District Director stating the agency made "multiple attempts to contact Respondent, including by email, U.S. Mail,

---

[10] "[A]lthough Rule 45 does not apply directly to administrative subpoenas, Rule 81 makes clear that district courts have discretion to apply the federal rules generally to proceedings to enforce administrative subpoenas. The language of the Rule 'allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired,' and Rule 81 'is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful.'" *United States v. Tenn. Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 124–25 (6th Cir. 2018) (quoting Fed. R. Civ. P. 81 advisory committee note (1946)).
[11] *W. Res., Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002).
[12] *Id.*
[13] *EEOC v. Kan. City Kan. Cmty. Coll.*, No. 2:23-MC-00202-DDC-ADM, 2023 WL 5955793 (D. Kan. July 21, 2023), *report and recommendation adopted EEOC v. Kan. City, Kan. Cmty. Coll.*, No. 23-202-DDC-ADM, 2024 WL 3665290, at *2 (D. Kan. Aug. 6, 2024); *United States v. Lee*, No. 2:25MC5, 2025 WL 1672878 (E.D. Va. June 13, 2025), at *4 (finding statutory requirements of due process were satisfied upon proper service of administrative subpoena).
[14] Mot. to Enforce Administrative Subpoena, Ex. 7, ECF No. 1-7.

and phone," no evidence of such attempts, such as copies of the emails or mailings allegedly sent to Respondent, are attached to the Request.[15] After service was refused, Petitioner says it attempted to contact Respondent, but, again, was unsuccessful. Finally, Petitioner's contact or attempts at contact with Respondent throughout the course of the investigation appear to be sporadic at best. Petitioner began its investigation into the charge on August 1, 2024, and requested Respondent voluntarily produce information by August 30, 2024. Petitioner claims Respondent failed to produce the requested information by August 30, 2024, but Petitioner waited until June 10, 2025—nearly a year later—to issue a subpoena for the requested information. Petitioner provides no evidence of the intervening communications it may have had with Respondent regarding its request for information. There is no indication Petitioner ever attempted to hand-deliver the subpoena.

Because Petitioner has provided no evidence to show Respondent received proper notice of its obligation to respond to the subpoena, and the statutory requirements of due process have not been met, the Court does not find it is appropriate to enter a show cause order at this time. The Court therefore denies Petitioner's Application without prejudice for refiling, if appropriate, after providing Respondent with fair and timely notice of its obligation to produce documents.

**IT IS HEREBY ORDERED** that Petitioner's Application for an Order to Show Cause Why Administrative Subpoena Should Not Be Enforced is DENIED WITHOUT PREJUDICE.

Dated December 5, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[15] Declaration of District Director, ECF No. 1-1, ¶ 4.d.